UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY BRINK and
BRINK BLUEBERRIES,

    Plaintiffs,                    Hon. Gordon J. Quist

v.                                  Case No. 1:10 CV 654

RAVINES GOLF CLUB, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiffs initiated the present action against the Ravines Golf Club, the Ravines Condominium Association, as well as various Michigan courts. This matter stems from a previous state court action in which Ravines, LLC and the Ravines Condominium Association brought suit against Randal Brink and other individuals, as well the Theodore Brink Revocable Trust. The Ravines prevailed in this previous action. Plaintiffs now bring the present action challenging the manner in which the previous state court proceedings were conducted.

        The Court has granted Randy Brink's motion to proceed as a pauper in this matter. (Dkt. #3). Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court recommends that Plaintiff Randy Brink's complaint be dismissed.

        While not clearly articulated, Plaintiff appears to be challenging the results of the previous state court action. Unlike state courts, which are courts of general jurisdiction, the federal

courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). To the extent, therefore, that Plaintiff is challenging the outcome of the previous state court action, this Court lacks jurisdiction over such claims.

Plaintiff, who asserts that he is blind, alleges that during the previous state court action he was "never given anything on audio cassette." Plaintiff asserts that such constitutes a violation of the Americans with Disabilities Act (ADA).

Title II of the Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Jones v. City of Monroe, Michigan*, 341 F.3d 474, 477 (6th Cir. 2003) (quoting 42 U.S.C. § 12132). The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices. . .meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." *Jones*, 341 F.3d at 477 (quoting 42 U.S.C. § 12131).

To make out a prima facie case of discrimination under Title II of the ADA, Plaintiff must establish the following: (1) he has a disability, (2) he is otherwise qualified, and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir.

2005). Plaintiff has failed to allege facts in his complaint sufficient to satisfy this standard. Specifically, Plaintiff has not alleged that he was subjected to discrimination solely because of his disability. Accordingly, the undersigned recommends that Plaintiff Randy Brink's claims under the ADA be **dismissed** for failure to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief.").

Plaintiff Brink Blueberries is presently represented in this matter by Randy Brink, a layperson. While Randy Brink may represent himself in this matter, he is not permitted to represent a business entity. *See, e.g., Perez v. By Your Side Homemaker and Companion Services, LLC*, 2009 WL 1858263 at *3 ("a layperson cannot represent any business entity"). The undersigned, therefore, recommends that the claims asserted by Brink Blueberries be dismissed without prejudice.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff Randy Brink's claims be **dismissed with prejudice**. The undersigned further recommends that the claims asserted by Plaintiff Brink Blueberries be **dismissed without prejudice**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 27, 2010

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge