UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY BRINK and BRINK
BLUEBERRIES,

        Plaintiffs,                          Case No. 1:10-CV-654

v.                                          HON. GORDON J. QUIST

RAVINES GOLF CLUB, et al.,

        Defendants.
_____/

## MEMORANDUM OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Acting pro se, Randy Brink ("Brink") filed a Complaint on behalf of himself and Brink Blueberries, a family-owned business, against Ravines Golf Club, the Ravines Condominium Association, and various Michigan courts, challenging the manner in which previous state court proceedings were conducted, including that, because Brink is legally blind, he was entitled to communications via audio cassette during the previous state court proceedings under the Americans with Disabilities Act. On July 17, 2010, the Court granted Brink leave to proceed *in forma pauperis* ("IFP"). Upon initial review of the Complaint under 28 U.S.C. 1915(e)(2), Magistrate Judge Ellen S. Carmody recommended that it be dismissed. Having conducted a de novo review of the Report and Recommendation and Brink's timely objections thereto, the Court finds that the Report and Recommendation should be adopted in part.

First, the magistrate judge concluded, and this Court agrees, that to the extent Plaintiff is challenging the outcome of the previous state court action, this Court lacks subject matter

jurisdiction. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923). Second, the magistrate concluded, and this Court agrees, that the claims asserted by Brink Blueberries should be dismissed without prejudice because, although Brink may properly represent himself in this matter, he is not permitted to represent a business entity. With his objections, Brink argues that as president and CEO of Brink Blueberries, he is only person qualified to represent the corporation. Brink misunderstands the magistrate's point. He may not represent Brink Blueberries in this matter because "a corporation must be represented in court by an attorney." *Harris v. Akron Dep't of Pub. Health*, 10 F. App'x 316, 319 (6th Cir. 2001). Because Brink is a layperson acting pro se in this matter, the claims asserted on behalf of Brink Blueberries should be dismissed without prejudice. The Court will adopt the Report and Recommendation as to these issues.

The Complaint also alleges that, by failing to provide Brink with communications via audio cassette during the previous state court proceedings, Defendants violated the ADA, Title II of which provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a prima facie case of discrimination under Title II of the ADA, the plaintiff must allege that "(1) [he] has a disability; (2) [he] is otherwise qualified; and (3) [he] is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of [his] disability." *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). The magistrate judge recommended that Brink's ADA claim be dismissed with prejudice for failure to state a claim because he has not alleged that he was subjected to discrimination solely because of his disability.

There is no question that the Complaint leaves much to be desired in terms of details and clarity. Even so, at a minimum it alleges that Brink is blind and was not able to meaningfully

participate in the previous state court proceedings because he "was never given anything on audio cassette" even though his blindness was obvious to the court and he requested such accommodation. The question at this stage of the litigation is not whether Brink will ultimately prevail, but whether he has altogether failed to state a claim on which relief may be granted. A complaint should not be dismissed for failure to state a claim unless it is clear that "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). Construing his pro se Complaint liberally, it cannot be said that Brink's ADA claim fails under this standard, at least as to the defendant-courts. As private entities, Ravines Golf Club and Ravines Golf Association are not subject to Title II of the ADA, however, and any such claim against them is properly dismissed. 42 U.S.C. §§ 12132 and 12131(1) (prohibiting discrimination by a "public entity" and defining the term). As to the remaining defendant-courts, the Court will allow Brink to go forward.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (docket no. 4) is **ADOPTED IN PART**. All claims except the ADA claim against Defendants Allegan County Circuit Court, Ottawa County Circuit Court, the Michigan Court of Appeals, and the Michigan Supreme Court are **DISMISSED**.


Dated: December 21, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE