UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY BRINK,

    Plaintiff,

Case No. 1:10-CV-654

v.

HON. GORDON J. QUIST

ALLEGAN COUNTY CIRCUIT
COURT, et al.,

    Defendants.
                                /

## OPINION

*Pro se* Plaintiff, Randy Brink, filed this action against various Defendants, challenging the manner in which previous state court proceedings were conducted, including an allegation that, because he is blind, he was entitled to receive all communications via audio cassette under the Americans with Disabilities Act. In a Memorandum Opinion and Order issued December 21, 2010, the Court concluded that Brink's claim under Title II of the ADA against the public entity Defendants, Allegan County Circuit Court, the Ottawa County Circuit Court, the Michigan Court of Appeals, and the Michigan Supreme Court, should be allowed to proceed. The Court dismissed all other claims. The public entity Defendants have now filed motions to dismiss under Fed. R. Civ. P 12(b)(6). For the reasons set forth below, the Court will grant the motions.

### I. BACKGROUND

Brink was a co-defendant in a lawsuit filed in Allegan County Circuit Court in 2002, over which Circuit Court Judge Harry A. Beach presided. *Ravines LLC v. Brink*, Case No. 02-31277-CH. Judge Beach disqualified himself on January 27, 2005. (Compl. Ex. 1.) Then on February 14,

2005, he issued an Order granting the plaintiff's motion in limine, "for the reasons stated on the record and in open Court on January 21, 2005." (*Id.*) After that point, the case was assigned to Ottawa County Circuit Court Judge Edward R. Post. (Defs.' Mot. to Dismiss Ex. 3.) The state court litigation was ultimately settled by the parties and a Stipulated Consent Judgment closing the case entered on February 20, 2006. (*Id.* Ex. 1.)

More than three years later, on June 24, 2009, Brink filed a delayed application for leave to appeal with the Michigan Court of Appeals, challenging the February 14, 2005, order issued by Judge Beach. The court dismissed the application for lack of jurisdiction because it was not filed within 12 months of the challenged order as required by M.C.R. § 7.205(F)(3). (*Id.* Ex. 3.) The order dismissing the application was originally issued July 15, 2009 and then reissued on July 21, 2009. (*Id.*) On August 6, 2009, Brink promptly responded with a motion for reconsideration, which the Michigan Court of Appeals denied in an order issued September 22, 2009. Again Brink promptly responded by filing a motion for leave to appeal with the Michigan Supreme Court on October 14, 2009. The court denied the application on January 29, 2010. (*Id.* Ex. 4.)

In the Complaint, Brink asserts that while the suit was before Judges Beach and Post, the ADA was never followed, because even though both judges could "plainly see" that he was blind, Brink was never given anything on audio cassette. Brink alleges that he contacted the Michigan Court of Appeals and the Michigan Supreme Court requesting that everything be provided to him on audio cassette, but he did not receive the accommodation. It appears that the Michigan Court of Appeals may have read him the order denying leave to appeal, however, because the Complaint asserts that "when they quoted MI Court rules they did not read what they said." (Compl. at 2.) In any event, Brink asserts that the Defendants violated the ADA by not supplying him with communications via audio cassette throughout the state court proceedings.

## II. MOTION STANDARD

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Allegan County Circuit Court, the Michigan Court of Appeals, and the Michigan Supreme Court filed a joint motion to dismiss, raising a number of reasons as to why the Complaint should be dismissed, including that any claim against Allegan County Circuit Court is barred by the relevant statute of limitations. Ottawa County Circuit Court, which filed its own motion, asserts that Brink has not stated a claim against it because the allegations involve only an Allegan County

3

Circuit Court case and that, even if an Ottawa County judge ultimately inherited the case, he was acting as an agent and appointee of Allegan County Circuit Court. The Court need not address this issue specifically because it finds that any claim against either Allegan County Circuit Court or Ottawa County Circuit Court is time-barred.

Brink's ADA claim is subject to the three-year statute of limitations that governs personal injury actions in Michigan. *See e.g.*, *Fox v. Mich. Dep't of Corrs.*, No. 08-CV-14410, 2010 WL 726517, at *3 (E.D. Mich. Feb. 24, 2010); *see also Lewis v. Fayette Cnty. Det. Ctr.*, No. 99-5538, 2000 WL 556132, at *2 (6th Cir. Apr. 28, 2000) ("[C]ourts faced with ADA or Rehabilitation Act claims have also looked to the state's statute of limitations for personal injury actions."). The involvement of both the Allegan and Ottawa County Circuit Courts ended on February 20, 2006, when the Consent Judgment was entered. Brink did not commence this lawsuit until more than four years later, on July 8, 2010. Therefore, his ADA claim against those courts is time-barred.

As to both the Michigan Court of Appeals and the Michigan Supreme Court, the Court agrees with Defendants that Brink has not shown that he suffered an injury-in-fact. "To establish standing to bring suit, a plaintiff must show that (1) he or she has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Ross v. City of Gatlinburg*, 113 F. App'x 113, 115 (6th Cir. 2004) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 704 (2000)). Brink complains that neither the Michigan Court of Appeals nor the Michigan Supreme Court provided him with audio cassettes of their orders denying leave to appeal, but does not explain how any injury resulted therefrom. First, Brink's window for appealing Judge Beach's July 14, 2005, order had long passed,

4

so he cannot assert that the delayed applications for leave to appeal were wrongfully denied. And second, as has been the case in the current proceedings, Brink responded to both of the Michigan Court of Appeal's orders within days of their issuance. That is, although he had not been provided with audio cassettes, Brink somehow understood the contents of the orders and responded accordingly. Therefore, the Court finds that Brink has not shown that he suffered any injury.

Finally, it is now clear that Brink's claims are barred by the *Rooker-Feldman* doctrine. Up until now, it has been difficult to discern precisely what relief Brink is seeking with this litigation. (*See* Compl. at 3) ("We would like a jury trial. I am asking that the court honors the Americans with Disabilities Act and The Michigan Right to Farm Act. PA 116 and the state and [federal] laws on double jeopardy."). With his response to Defendants' motion to dismiss, Brink has now made clear that he seeks to have the state court proceedings overturned and to have the matter reheard. He states:

> With a favorable decision that is if federal court throughs [sic] this back onto state court, that the law will be heard a by an honest judge that will uphold state and federal law, uphold the U.S. Constitution, uphold the state of Michigan's constitution then everything will be turned around and the law will be upheld and justice will be done for once, and this blind farmer will be able to farm again.

(Pl.'s Resp. to Defs.' Mot. to Dismiss at 18-19.) The *Rooker-Feldman* doctrine prevents federal courts, other than the United States Supreme Court, from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are inextricably intertwined with issues decided in state court proceedings." *Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005). A claim is "inextricably intertwined" with issues decided in state court proceedings "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* That the state courts' rulings were wrongly decided is the crux of Brink's argument. If Brink wishes to have the outcome of the state court proceedings reviewed, his proper course is to petition for a writ

of certiorari from the United States Supreme Court.

## CONCLUSION

For all of the reasons set forth above, the Court will grant Defendants' motions to dismiss.

A separate Order will issue.


Dated: April 20, 2011                                  /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE